October 20, 2009

Mr. Jon Weizenbaum
Commissioner
Texas Department of Aging and
   Disability Services
Post Office Box 149030
Austin, Texas 78714-9030

Opinion No. GA-0742

Re: Whether the Texas Department of Aging and Disability Services may authorize assisted living facilities to provide nursing services to the terminally ill and other residents (RQ-0794-GA)

Dear Commissioner Weizenbaum:

Your predecessor asked about the Department of Aging and Disability Services' (the "Department") interpretation of a rule allowing an assisted living facility "to use its own employees to provide nursing services . . . to a person who has a terminal condition or is experiencing an acute illness of a short duration."[1]

The Legislature has defined an assisted living facility as an establishment that:

> (A)  furnishes, in one or more facilities, food and shelter to four or more persons who are unrelated to the proprietor of the establishment;
>
> (B)  provides:
>
> > (i)  personal care services; or
> >
> > (ii)  administration of medication by a person licensed or otherwise authorized in this state to administer the medication; and
>
> (C)  may provide assistance with or supervision of the administration of medication.

---

[1]Request Letter at 2 (*available at* http://www.texasattorneygeneral.gov).

Act of May 31, 2009, 81st Leg., R.S., ch. 1106, § 2, sec. 247.002(1), 2009 Tex. Sess. Law Serv. 3038, 3041 (to be codified at TEX. HEALTH & SAFETY CODE ANN. § 247.002(1)).[2] Personal care services include:

> (A)   assistance with feeding, dressing, moving, bathing, or other personal needs or maintenance; or
>
> (B)   general supervision or oversight of the physical and mental well-being of a person who needs assistance to maintain a private and independent residence in an assisted living facility or who needs assistance to manage the person's personal life, regardless of whether a guardian has been appointed for the person.

*Id.* § 2, sec. 247.002(5).   In addition to allowing these services at an assisted living facility, the Legislature has expressly authorized health care professionals to provide services at an assisted living facility and has recognized residents' ability to contract with those professionals separately:

> (b) A health care professional may provide services within the professional's scope of practice to a resident of an assisted living facility at the facility.  This subsection does not authorize a facility to provide ongoing services comparable to the services available in [a convalescent or nursing home] . . . .
>
> (c) A resident of an assisted living facility has the right to contract with a home and community support services agency licensed under chapter 142 or with an independent health professional for health care services.

TEX. HEALTH & SAFETY CODE ANN. § 247.067(b)–(c) (Vernon 2001).

The Legislature has authorized the Department to adopt rules "relating to the quality of care and quality of life" and "the assessment of the condition and service needs of each resident" of an assisted living facility.  *Id.* § 247.0011(b)(1)–(2).  Accordingly, the Department has adopted Rule 92.41(e)(1)(B), which states:

> A facility must not admit or retain . . . an individual who requires the services of facility employees who are licensed nurses on a daily or

---

[2]The Eighty-first Legislature amended section 247.002 of the Health and Safety Code to adopt this definition, which became effective September 1, 2009. *See* Act of May 31, 2009, 81st Leg., R.S., ch.1106, § 2, sec. 247.002(1), 2009 Tex. Sess. Law Serv. 3038, 3041–42 (to be codified at TEX. HEALTH & SAFETY CODE ANN. § 247.002(1)).  Prior to that time, "assisted living facility" was defined as "an establishment that: (A) furnishes, in one or more facilities, food and shelter to four or more persons who are unrelated to the proprietor of the establishment; and (B) provides personal care services." Act of May 11, 1999, 76th Leg., R.S., ch. 233, § 1, sec. 247.002(1), 1999 Tex. Gen. Laws 1064, 1065.

regular basis. Individuals with a terminal condition or who are experiencing a short-term, acute episode are excluded from this requirement.

40 TEX. ADMIN. CODE § 92.41(e)(1)(B) (2009).[3] The Department interprets this Rule to "allow an [assisted living facility] to use its own employees to provide nursing services, but only to a person who has a terminal condition or is experiencing an acute illness of a short duration." Request Letter at 2. Your predecessor has asked whether the provision of such services is allowed by law. *Id.* "An agency may adopt only such rules as are authorized by and consistent with its statutory authority." *Pruett v. Harris County Bail Bond Bd.*, 249 S.W.3d 447, 452 (Tex. 2008). In deciding whether a particular administrative agency has exceeded its rule-making powers, the determinative factor is whether the rule's provisions are "'in harmony with the general objectives of the Act involved.'" *Id.* (citation omitted).

The Legislature has enumerated the services an assisted living facility can provide by statute: food, shelter, personal care services, and the administration of medication. Act of May 31, 2009, 81st Leg., R.S., ch. 1106, § 2, sec. 247.002(1), 2009 Tex. Sess. Law Serv. 3038, 3041 (to be codified at TEX. HEALTH & SAFETY CODE ANN. § 247.002(1)). It has also emphasized that the Department "must clearly differentiate an assisted living facility from a [convalescent or nursing home]." TEX. HEALTH & SAFETY CODE ANN. § 247.026(b)(1) (Vernon Supp. 2008). Statutory provisions regarding other types of facilities providing long-term care expressly authorize and regulate the provision of nursing services. For example, continuing care facilities established under chapter 246 of the Health and Safety Code may furnish "personal care services, *nursing services*, medical services, or other health-related services." *Id.* § 246.002(3) (Vernon 2001) (emphasis added). Special care facilities, established under chapter 248 of the same code may provide "nursing or medical care or services" to terminally ill patients. *Id.* § 248.002(8). In contrast, the Legislature has not included "nursing services" in the list of services that assisted living facilities may provide. *See* Act of May 31, 2009, 81st Leg., R.S., ch. 1106, § 2, sec. 247.002(1), 2009 Tex. Sess. Law Serv. 3038, 3041 (to be codified at TEX. HEALTH & SAFETY CODE ANN. § 247.002(1)).

A prior attorney general opinion addressed a similar question involving a rule adopted by the Texas Board of Human Services. *See* Tex. Att'y Gen. Op. No. JC-0072 (1999) at 2–3.[4] That rule authorized the licensed nursing staff of an assisted living facility to provide "occasional nursing services" to the same categories of residents at issue here:

---

[3]The Department has further defined "terminal condition" and "short-term acute episode." A terminal condition is "[a] medical diagnosis, certified by a physician, of an illness that will result in death in six months or less." 34 Tex. Reg. 244 (2009) (to be codified at 40 TEX. ADMIN. CODE § 92.2(51)). A short-term, acute episode is "[a]n illness of less than 30 days duration." *Id.* (to be codified at 40 TEX. ADMIN. CODE § 92.2(47)); *see infra* note 6.

[4]At the time JC-0072 was issued, assisted living facilities were called personal care facilities. The Legislature changed the name from personal care facilities to assisted living facilities in 1999. *See* Act of May 11, 1999, 76th Leg., R.S., ch. 233, § 1, 1999 Tex. Gen. Laws 1064, 1064 (Senate Bill 93). To avoid confusion, this opinion will use the term assisted living facility to refer to both.

> Structured or organized medical, nursing, or other care as found in licensed hospitals and licensed nursing facilities, and similar specialized facilities, cannot be furnished by the licensed [assisted living] facility staff, but licensed nursing staff may administer medication and provide general supervision or oversight of the physical and mental well-being of residents, *including occasional nursing services* consistent with the needs of individuals described in § 92.41(d)(2)(A) of this title . . . , enabling them to maintain their independence. . . .

*Id.* at 3 (citing 23 Tex. Reg. 7042 (1998)).[5] Finding "nothing in the statute that authorizes [an assisted living] facility to furnish nursing services, occasional or otherwise," this office concluded that the rule was "ultra vires" to the extent it permitted an assisted living facility to provide services beyond those described as personal care services in section 247.002 of the Health and Safety Code. *Id.* at 1, 4. Aside from amending the definition of assisted living facility to allow for the provision or supervision of the administration of medication, the statutorily-enumerated services that an assisted living facility is authorized to provide have not changed since the issuance of JC-0072. *Compare* Act of May 31, 2009, 81st Leg., R.S., ch. 1106, § 2, sec. 247.002(1), 2009 Tex. Sess. Law Serv. 3038, 3041 (to be codified as an amendment to TEX. HEALTH & SAFETY CODE ANN. § 247.002(1)), *with* Tex. Att'y Gen. Op. No. JC-0072 (1999) at 2 (quoting the then current version of section 247.002(3)).

Your predecessor explained that certain 1999 amendments to the assisted living facility statute "became effective after JC-0072 was issued," and she believed they may have altered the conclusion in that opinion. Request Letter at 2.[6] Specifically, your predecessor explained that section 247.0011(c), which was added to chapter 247 in 1999, "provides that assisted living services should enhance a person's ability to age in place in a residential setting while receiving increasing or decreasing levels of services as the person's needs change" and that this overriding goal requires that assisted living facility "services be flexible to serve the changing needs" of residents. *Id.* at 2; TEX. HEALTH & SAFETY CODE ANN. § 247.0011(c) (Vernon 2001). While the Legislature's 1999 amendments to chapter 247 were made with the intent of promoting "policies allowing an assisted living resident to remain in an assisted living facility longer without being prematurely placed in a nursing home," it does not necessarily follow that the Legislature intended to authorize assisted living facilities to use facility staff to provide the nursing services that the Department's interpretation of Rule 92.41(e)(1)(B) would allow. SENATE COMM. ON HEALTH SVCS., SENATE

---

[5]The 1998 version of section 92.2, entitled "Basis and Scope," has been repealed; section 92.2 currently provides a list of definitions. *See* 23 Tex. Reg. 7042 (1998), *amended at* 25 Tex. Reg. 6362 (2000) (in response to Senate Bill 93), *repealed at* 34 Tex. Reg. 240 (2009). *See also supra* note 4.

[6]The amendments referred to were enacted prior to the issuance of Texas Attorney General Opinion JC-0072, and they were acknowledged in that opinion. Tex. Att'y Gen. Op. No. JC-0072 (1999) at 2 n.2. Specifically, this office recognized that "[r]ecent legislation amending other provisions of chapter 247 of the Health and Safety Code does not alter the statutory definition of the term 'personal care services.'" *Id.*

RESEARCH CENTER, BILL ANALYSIS, Tex. S.B. 93, 76th Leg., R.S. (1999). The Legislature could have amended the statute to expressly recognize that assisted living facilities themselves can provide nursing services. Instead, the Legislature recognized the authority of health care professionals[7] to "provide services within the professional's scope of practice to a resident of an assisted living facility at the facility" but emphasized that assisted living facilities were not authorized "to provide ongoing services comparable to the services available in [a convalescent or nursing home] licensed under Chapter 242." TEX. HEALTH & SAFETY CODE ANN. § 247.067(b) (Vernon 2001).

Thus, residents at assisted living facilities may privately contract with "a home and community support services agency," such as a hospice organization, or an "*independent* health professional" to receive nursing services while at the assisted living facility. *Id.* § 247.067(c) (emphasis added). Doing so allows these individuals to age in place as the Legislature intended. However, unless the services fall within those defined as personal care services or the administration of medication or are rendered in response to an emergency medical situation, we conclude that assisted living facilities may not use facility staff to provide nursing services to a resident that is terminally ill or is experiencing a short-term, acute illness. *See* Tex. Att'y Gen. Op. No. JC-0072 (1999) at 5 (this opinion does not restrict an assisted living facility's ability to respond to an emergency medical situation).

Our opinion should not be read to prohibit assisted living facilities from admitting or retaining individuals with a terminal condition or who are experiencing a short-term, acute episode. *See* TEX. HEALTH & SAFETY CODE ANN. § 247.066(a) (Vernon Supp. 2008) ("The department may not require the removal and relocation of a resident . . . if the resident's presence in the facility does not endanger other residents and the resident can receive adequate care at the facility through services: (1) provided by the facility in accordance with its license; or (2) obtained by the resident from other providers."). If such individuals can contract with independent health care professionals to receive the medical and nursing care that they need while residing in an assisted living facility, nothing in the statute prohibits such individuals from being admitted to or remaining at the facility. *See* 40 TEX. ADMIN. CODE § 92.41(e)(1)(A) (2009) ("If the individual is appropriate for placement in an assisted living facility, then the decision that additional services are necessary and can be secured is the responsibility of facility management . . . .").

---

[7] "Health care professional" is defined as "an individual licensed, certified, or otherwise authorized to administer health care, for profit or otherwise, in the ordinary course of business or professional practice. The term includes a physician, registered nurse, licensed vocational nurse, licensed dietitian, physical therapist, and occupational therapist." TEX. HEALTH & SAFETY CODE ANN. § 247.067(a) (Vernon 2001).

## S U M M A R Y

The Legislature authorizes assisted living facilities to provide specific services: food, shelter, personal care services and the administration of medication. In addition, the Legislature allows home and community support services agencies and independent health professionals to provide services within their scope of practice to a resident of an assisted living facility at the facility. However, the Legislature has not authorized the assisted living facilities themselves to provide nursing services beyond personal care services or the administration of medication. To the extent that the Department of Aging and Disability Services' Rule 92.41(e)(1)(B) authorizes the staff of an assisted living facility to provide residents with nursing services beyond those authorized by the statute, it is contrary to the express terms of the assisted living facility statute.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee